■ JERRY HOLZER, Appellant, v. BENJAMIN FEINSTEIN, Respondent.— In an action to recover damages on grounds hereafter set forth, the plaintiff appeals from an order of the Supreme Court, Kings County, entered April 7, 1964, which granted defendant's motion, made pursuant to statute (CPLR 3211, subd. [a], par. 7), to dismiss the complaint for failure to state a cause of action. Order reversed, with $10 costs and disbursements, and motion denied. The defendant's time to answer the complaint is extended until 30 days after entry of the order hereon. The complaint contains two causes of action. The first alleges that at the times mentioned plaintiff was in lawful and peaceable possession of certain premises; that between December 14, 1962 and July 1, 1963, on several different occasions, defendant "unlawfully and with force and violence and with a strong hand and in a riotous manner and [with] menace to life and limb of the plaintiff made threats and assaults upon the person of the plaintiff and defendant put the plaintiff in fear of personal violence"; that between said dates, on several occasions, "defendant unlawfully and forcibly entered upon said premises and willfully and maliciously damaged and destroyed property of the plaintiff"; that by reason of defendant's acts "plaintiff could not continue to safely conduct his said business at said premises and * * * was caused to remove himself and his said business from said premises"; that the premises had a unique and special value for use in plaintiff's business; and

that by reason of all the foregoing, plaintiff has been damaged in the sum of $50,000. The second cause of action repeats by reference the allegations of the first cause and further alleges that "under and by virtue of the statutes in such case made and provided, the plaintiff is entitled to recover treble damages in the sum of $150,000." In view of the mandate of the CPLR for liberal construction of pleadings (*Foley* v. *D'Agostino*, 21 A D 2d 60), we find that this complaint, considered as a whole, states a cause of action under section 853 of the Real Property Actions and Proceedings Law. The preponderance of conclusory allegations in this regard (cf. *Drinkhouse* v. *Parka Corp.*, 3 N Y 2d 82, 91–92) is no longer fatal (CPLR 3013; *Foley* v. *D'Agostino, supra*). The various separate torts comprising this claim are likewise actionable. Although inartfully drawn, the pleading is sufficiently particular to give notice of the occurrences intended to be proved and the material elements of the causes of action (CPLR 3013); and it does not appear that defendant's substantial rights are prejudiced by the defects in pleading (CPLR 3026). The allegations of assault, trespass and destruction of property contained in this pleading are sufficient to distinguish it from the challenged pleading in *Pisano* v. *County of Nassau* (41 Misc 2d 844, affd. 21 A D 2d 754). Brennan, Hill, Rabin and Hopkins, JJ., concur; Ughetta, Acting P. J., not voting.